*Lowe v. Mount Sinai et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge*,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

---

MARTINE LOWE,

*Plaintiff-Appellant*,

v.                                                                 No. 18-1533

MOUNT SINAI HEALTH SYSTEM, INC.,
NICHOLAS LOPIANO, AKA NICK LOPIANO,
CAROL TORCHEN,

*Defendants-Appellees*.

---

For Plaintiff-Appellant:          Alena Shautsova, Joseph F. DeFelice, Law
                                  Office of Alena Shautsova, Brooklyn, NY.

For Defendants-Appellees::                    Rory J. McEvoy, Ackerman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Martine Lowe appeals from a judgment entered May 4, 2018, in the United States District Court for the Southern District of New York (Hellerstein, *J.*), dismissing her complaint, following the court's contemporaneous grant of the defendants-appellants' motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

"We review *de novo* an award of summary judgment for the claims under Title VII, the NYSHRL, and the NYCHRL." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 842 (2d Cir. 2013).[1] On *de novo* review, we "view the facts in the light most favorable to the non-moving party and resolve all factual ambiguities in its favor." *Coppola v. Bear Stearns & Co.*, 499 F.3d 144, 148 (2d Cir. 2007). For summary judgment to be warranted, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those which might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Coppola*, 499 F.3d at 148. The district court properly dismissed Lowe's claims.

---

[1] Unless otherwise indicated, case quotations omit all citations, internal quotation marks, footnotes, and alterations.

In challenging the district court's award of summary judgment with respect to her disparate treatment claims, Lowe argues that the defendants-appellants failed to articulate a legitimate, nondiscriminatory reason for her termination, their burden under the second step of analysis pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Assuming that Lowe established a *prima facie* case of discrimination on the basis of race and national origin, the defendants-appellants carried their burden by adducing evidence demonstrating that Lowe committed several errors—significantly more than her colleagues—over the course of her employment. Lowe concedes that an audit of work carried out in her department revealed that she was responsible for a glaringly disproportionate number of mistakes. Lowe is unable to demonstrate that her national origin or her "race was the real reason" for her termination. *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012).

As for her retaliation claim, assuming Lowe could make out a *prima facie* claim based on her termination, the defendants-appellants have carried their burden of articulating a "legitimate, non-retaliatory reason" for that termination. *Zann Kwan*, 737 F.3d at 845. Lowe did not show that "retaliation was a but-for cause of the adverse action." *Id.*

Similarly, Lowe's hostile work environment claim cannot survive summary judgment. She did not demonstrate, as was her burden under Title VII and the NYSHRL, "that harassment on [the basis of race or national origin] amounted to a hostile work environment." *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004). While we do not condone that, aside from setting out the relevant legal standard, the district court did not address Lowe's hostile work environment claim, we nevertheless affirm the dismissal of Lowe's hostile work environment claim. Lowe did not demonstrate any "discriminatory intimidation, ridicule, [or] insult, that [was] sufficiently severe or pervasive to alter the conditions of [her] employment and create an

3

abusive working environment." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010).[2]

 For the foregoing reasons, we **AFFIRM** the judgment of the district court.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk

---

 [2] The "severe and pervasive" standard does not apply to claims brought pursuant to the NYCHRL. *See Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 716 F.3d 102, 108 (2d Cir. 2013). Under the NYCHRL, liability turns on whether the plaintiff was "treated less well than other employees because of her" protected status. *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 (N.Y. App. Div. 2009). Lowe has not demonstrated this, either.